UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOHNNY L. BARBOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:16-CV-438-CLC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M**

This matter is before the Court on Petitioner Johnny L. Barbour's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1] in this matter, and the instant motion will be denied.

**I.      RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY**

On October 13, 2010, Barbour shot Michael Kilgore with a .380 caliber pistol while Kilgore was giving Barbour a ride home in his vehicle (Doc. 20 p. 2-3 in No. 1:12-CR-124). Kilgore claimed Barbour shot him out of anger at Kilgore's suggestion that Barbour get out of the car at a destination near Barbour's home, while Barbour claimed he shot Kilgore in self-defense (*id.*). A Tennessee jury acquitted Barbour of several State charges arising out of the shooting (*id.*).

Barbour subsequently pleaded guilty to the federal offense of possessing ammunition as a

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

felon in violation of 18 U.S.C. § 922(g)(1) (*id*. p. 1). Based on his three prior Tennessee aggravated robbery convictions, Barbour was initially deemed an armed career criminal and was sentenced to 188 months' imprisonment (Doc. 27 in No. 1:12-CR-124). On direct appeal, however, the Sixth Circuit vacated Barbour's sentence and remanded the case for resentencing, finding that the evidence in the record did not conclusively establish that Barbour was properly classified as an armed career criminal.[2] *United States v. Barbour*, 750 F.3d 535, 537 (6th Cir. 2014).

On remand, Barbour's base offense level was recalculated as 24 under United States Sentencing Guideline ("Guideline(s)") § 2K2.1(a)(2) based on Barbour's prior Tennessee convictions for a 2003 aggravated robbery and a 2005 aggravated robbery (Doc. 43 at ¶¶ 13, 27-28). After a three-level deduction for acceptance of responsibility, Barbour had a total offense level of 21 (*id*. at ¶¶ 20-22). Combined with his criminal history category of V, that offense level yielded a revised advisory Guidelines range of 70 to 87 months' imprisonment (*id*. at ¶ 44). The Court ultimately sentenced Barbour to 87 months' imprisonment (Doc. 46 in No. 1:12-CR-124).

Barbour appealed his amended judgment, and the Sixth Circuit affirmed his conviction and sentence. *United States v. Barbour*, 629 F. App'x 727 (6th Cir. 2015). A year later, Barbour filed this timely § 2255 motion to contest the propriety of his career-offender classification in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563 (Doc. 1). The United States was ordered to respond to Barbour's motion, and it did so, filing a response on November 28, 2016 (Doc. 2). In December 2016, Barbour filed two motions for extensions of time within which to reply to the United States' response (Docs. 3 and 4).

---

[2] Specifically, the Court found that the Government failed to demonstrate that Barbour's two 2003 aggravated robberies "were committed on occasions different from one another." *Barbour*, 750 F.3d at 537, 546.

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

For violations of 18 U.S.C. § 922(g)(1), offenders with two prior convictions for either a "crime of violence" or "controlled substance offense" face a base offense level of 24. *See* § 2K2.1(a)(2). For purposes of that section, "crime of violence" is defined as "any offense … punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). Guideline § 4B1.2(a); *see also* Guideline § 2K2.1, cmt. n.1 ("Crime of violence has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.").

Barbour was not resentenced under the ACCA, and therefore, *Johnson* is not directly on point. Regardless, Barbour claims his Guidelines career-offender enhancement was necessarily based upon Guideline § 4B1.2's residual clause, which *Johnson* also invalidated. However, the

Supreme Court has explicitly held that the Guidelines are not subject to vagueness challenges, and that § 4B1.2's residual clause is not void for vagueness. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Therefore, *Beckles* conclusively forecloses Barbour's claim that the Guidelines provision considered in his sentencing is unconstitutionally vague, and Barbour has failed to state a claim upon which relief may be granted under 28 U.S.C. § 2255.

## IV.    CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Barbour must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V.    CONCLUSION

Barbour has failed to establish any basis upon which § 2255 relief could be granted. Therefore, the instant § 2255 motion (Doc. 51 in 1:12-CR-124) will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. A COA from the denial of this § 2255 motion will

4

be **DENIED**. Inasmuch as Barbour's claim is categorically foreclosed by applicable law, Barbour's motions for extensions of time within which to file a reply (Docs. 3 and 4) will be **DENIED AS MOOT**.

**An Order Will Enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**